UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLIAMS,<br><br>  Plaintiff,<br><br>  v.<br><br>SACRAMENTO PUBLIC DEFENDER'S OFFICE, et al.,<br><br>  Defendants. | No. 2:24-cv-1791 DC SCR P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis and recommends the complaint be dismissed without leave to amend.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §1915(b)(2).

**SCREENING**

**I.     Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. §1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

1   738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
2   doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
3         Section 1983, enacted as part of the Civil Rights Act of 1871, requires that there be an
4   actual connection or link between the actions of the defendants and the deprivation alleged to
5   have been suffered by plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978);
6   Rizzo v. Goode, 423 U.S. 362, 370-71 (1976).  Plaintiff may demonstrate that connection by
7   alleging facts showing:  (1) a defendant's "personal involvement in the constitutional
8   deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly
9   refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should
10  have known would cause others to inflict a constitutional injury."  Starr v. Baca, 652 F.3d 1202,
11  1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted).

12  **II.    Discussion**

13      Plaintiff is incarcerated at the California Correctional Training Facility.  He identifies
14  three defendants:  the Sacramento County Public Defender's Office; Assistant Public Defender
15  Alice Michel; and Assistant Public Defender John W.H. Stoller.  Plaintiff alleges defendants
16  failed to adequately represent him in criminal proceedings in 2023.
17      Plaintiff's complaint cannot survive screening because his attorneys are not state actors
18  within the meaning of §1983.  See Polk County v. Dodson, 454 U.S. 312, 318-19 (1981) (public
19  defenders do not act under color of state law for purposes of §1983 when performing a lawyer's
20  traditional functions); Rivera v. Cty. of Los Angeles, 745 F.3d 384, 391 n.3 (9th Cir. 2014)
21  (same; citing Polk, 454 U.S. at 325).  Because permitting plaintiff to amend the complaint would
22  be futile, this court recommends the complaint be dismissed without leave to amend.
23      For the foregoing reasons, IT IS HEREBY ORDERED as follows:
24      1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 3) is granted.
25      2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
26         is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
27         §1915(b)(1).  All fees shall be collected and paid in accordance with this court's order
28  ////

1       to the Director of the California Department of Corrections and Rehabilitation filed

2       concurrently herewith.

3     Further, IT IS RECOMMENDED that the complaint be dismissed without leave to

4 amend.

5     These findings and recommendations will be submitted to the United States District Judge

6 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days

7 after being served with these findings and recommendations, plaintiff may file written objections

8 with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

9 and Recommendations."  Plaintiff is advised that failure to file objections within the specified

10 time may result in waiver of the right to appeal the district court's order.  Martinez v. Ylst, 951

11 F.2d 1153 (9th Cir. 1991).

12 DATED: October 30, 2024

_____

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

4