UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN WILLIAMS,<br><br>Plaintiff,<br><br>v.<br><br>SACRAMENTO PUBLIC DEFENDER'S OFFICE, et al.,<br><br>Defendants. | No. 2:24-cv-01791-DC-SCR (PC)<br><br>ORDER ADOPTING FINDINGS AND REOCMMENDATIONS AND DISMISSING THE COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. No. 11) |

Plaintiff Brian Williams, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action seeking relief pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 30, 2024, the assigned magistrate judge issued findings and recommendations recommending that the complaint be dismissed because Plaintiff brings claims against the public defenders who previously represented Plaintiff in criminal proceedings, but public defenders are not state actors within the meaning of § 1983, and thus, Plaintiff cannot bring a § 1983 claim against them. (Doc. No. 11 at 3.) For this reason, the magistrate judge also recommends the complaint be dismissed without leave to amend because amendment would be futile. (*Id.*)

Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within twenty-one (21) days from the date of service. (*Id.*

1

at 4.) Plaintiff filed objections to the pending findings and recommendations on January 6, 2025. (Doc. No. 17.)

In his objections, Plaintiff does not meaningfully address the magistrate judge's findings and recommendations. Plaintiff cites to a number of cases; however, none refute the critical point that when a public defender performs traditional legal functions as counsel in a criminal proceeding, they do not act "under the color of state law" for purposes § 1983. *See Rivera v. Cnty. of Los Angeles,* 745 F.3d 384, 392 (9th Cir. 2014) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 312 (1981)). For these reasons, Plaintiff fails to state a cognizable claim for relief under § 1983. Further, Plaintiff does not proffer any allegations that he would include in an amended complaint to address the deficiencies identified in the findings and recommendations. Thus, the undersigned agrees that granting Plaintiff leave to amend his complaint would be futile.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Plaintiff's objections, the court concludes that the findings and recommendations are supported by the record and by proper analysis.

Accordingly:

1. The findings and recommendations issued on October 30, 2024 (Doc. No. 11) are ADOPTED in full;
2. Plaintiff's complaint is dismissed without leave to amend due to Plaintiff's failure to state a cognizable claim;
3. This action is dismissed; and
4. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **February 5, 2025**

Dena Coggins
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28